MATTER OF SCHERBANK

In EXCLUSION Proceedings

A-11682044

*Decided by Board May 14, 1964*

Since appellant's return to the United States from Canada following an over-
night visit linked to cheating activities in a gambling game is not within
*Rosenberg* v. *Fleuti*, 374 U.S. 449, it constitutes an entry upon which to predi-
cate a ground of exclusion.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No im-
migrant visa.
Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted
of crime involving moral turpitude prior to entry.

The case comes forward on appeal from the order of the special in-
quiry officer dated February 7, 1964, finding the applicant inadmissible
on the grounds stated above and ordering that he be excluded and
deported from the United States.

The record relates to a native and citizen of Canada, 43 years old,
male, single, who applied on January 23, 1964, at Port Huron, Michi-
gan, for admission as a returning alien lawfully admitted for perma-
nent residence. He had been admitted as an immigrant at the port
of Detroit, Michigan, on January 20, 1960, and has continued to reside
in the United States since that time except for brief absences to
Canada.

Deportation proceedings were previously instituted charging the
appellant to be subject to deportation under section 241(a)(4) of the
Immigrant and Nationality Act by reason of two convictions: on
September 12, 1955, obtaining money by false pretense in Algona,
Ontario, Canada; and on May 10, 1962, petit larceny in the Cleveland,
Ohio Municipal Court. The entry upon which the charges were laid ·
occurred in 1949 as a nonimmigrant prior to the appellant's basic entry
for permanent admission in 1960. The special inquiry officer ordered
the proceedings terminated since only one conviction followed the basis
entry and, on certification, the Board of Immigration Appeals on

December 31, 1963, ordered that no change be made in the order of the special inquiry officer. The Service filed a motion with the Board to reconsider its decision but by letter dated January 24, 1964, the Service indicated that inasmuch as it ascertained that the alien left the United States, was convicted on December 30, 1963, in London, Ontario, for violation of Canadian Custom Act and was awaiting an exclusion hearing, it was abandoning that motion in view of the circumstances. The prior deportation proceedings are not pertinent to the present exclusion proceedings in which the principal issue is excludability under section 212(a)(9) of the Immigration and Nationality Act and in which the petty offense exemption applied for in that section is not available because of the commission of more than one said offense.

Counsel contends that the applicant was not seeking to make an "entry" on January 23, 1964, after he departed to Canada on the previous day, citing *Rosenberg* v. *Fleuti*, 374 U.S. 449, since he had not on the previous day made a departure "meaningfully interruptive of the alien's permanent residence." It is not believed that the *Fleuti* case is applicable for reasons which will be set forth more fully below.

The appellant and two others went to Oakville, Ontario, Canada, on or about November 20, 1963, where they were arrested for "cheating at play."[1] They were released on bond and are now awaiting trial on this charge. The appellant on this occasion was also arrested and convicted for having in his possession certain goods on which customs duties had not been paid contrary to section 203(3) of the Canadian Customs Act. (Exh. 6) These goods, included 686 dice and six decks of playing cards. The appellant had previously been convicted on September 12, 1955, in the Magistrate's Court, Algona District, Ontario, for the offense of "Obtaining Credit by False Pretenses" contrary to section 304(1)(b) of the Criminal Code of Canada and on May 10, 1962, was convicted in Cleveland Municipal Court, Cleveland, Ohio, for the offense of petty larceny.

The appellant testified that he worked part-time buying and selling clothing and other merchandise for a surplus store. He testified that at the time of his departure on November 20, 1963, he intended to visit his sister in Hamilton. The appellant was unable to offer any explanation as to why the police wanted to look in the trunk of his car which led to the finding of the goods for which he was arrested and convicted. His testimony was that the quantity of the dice comprised samples which he was to show or sell. The special inquiry officer has found that the appellant's explanations lack conviction and, based

---

[1] Canadian Criminal Code (Rev. of 1953–4), Sec. 181: "Cheating at Play. Every one who, with intent to defraud any person, cheats while playing a game, or in the holding the stakes for a game, or in betting is guilty of an indictable offense and is liable to imprisonment for two years."

upon the demeanor of the appellant, comes to the conclusion that the purpose of the visit in November 1963 was to fleece by intentional fraud and cheating other players in a gambling game. The appellant on January 23, 1964, was returning from an overnight visit to Oakville, Canada, occasioned by necessity of making a court appearance there in connection with a criminal pending case in which he is under indictment for violation of section 181, Criminal Code of Canada, "Cheating at play". This last trip and attempted entry is linked directly with the November 1963 trip which resulted in the arrest for cheating at play and Customs conviction.

In construing the term "entry" as used in section 101(a)(13) of the Immigration and Nationality Act, the Supreme Court in *Rosenberg* v. *Fleuti*, 374 U.S. 449, concluded that it effectuates Congressional purpose to construe the "intent" exception in that definition as meaning an intent to depart in a manner which can be regarded as meaningfully interruptive of the alien's permanent residence. One of the major factors set forth by the Court relevant to a determination of whether such intent can be inferred, was the purpose of the visit, for if the purpose of leaving the country was to accomplish some object which was itself contrary to some policy reflected in our immigration laws, it would appear that the interruption of residence thereby occurring would properly be regarded as meaningful. We believe that the purpose of the visit, as found by the special inquiry officer, in the light of all the facts appears not to have been the innocent, casual and brief trip which occurred in the *Fleuti* case. It is concluded that the second charge in the caption is sustained by the evidence.

The first ground for exclusion in the caption is laid under section 212(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(20)) in that the applicant, who seeks admission as an immigrant, is not in possession of a valid immigrant visa or other valid entry document. The appellant's Form I-151, alien registration receipt card, was returned by the police of Oakville, Ontario to the immigration authorities at Detroit, Michigan, on November 27, 1961, with the information that the card was found in an alley at the rear of the hotel in that city. (Exh. 8). The appellant submitted an application for the issuance of a new alien registration receipt card in lieu of the one which he claimed to have lost on or about January 15, 1962. An effort was made to return the lost card to the appellant but the letter was not delivered due to a wrong address. The record is somewhat confused but apparently appellant did receive at least one new alien registration card which he testified that he lost about three months prior to his last entry. He knew he had lost the card but intended to make an application to the immigration officer at the time he returned on January 23,

1964, although he did not make any inquiry prior thereto whether he would be admitted.

The record establishes that the respondent is not in possession of a valid immigrant visa or other valid entry document in lieu thereof. There is no evidence that the appellant was granted a waiver under section 211(b) of the Immigration and Nationality Act in connection with this return from Oakville, Ontario, in November 1963. Upon the present record we do not consider the appellant is worthy of the exercise of the discretionary relief contained in section 211(b) of the Immigration and Nationality Act. The appeal from the excluding decision of the special inquiry officer will be dismissed.

**ORDER:** It is ordered that the appeal from the excluding decision of the special inquiry officer be and the same is hereby dismissed.